UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

2003 NOV -6  P 12: 31

US DISTRICT COURT
BRIDGEPORT CT

PETER PASZKO,
    Plaintiff

VS.  :  3:03cv1001(JCH)

J. MORALES, ET AL.,
    Defendant  :  NOVEMBER 5, 2003

## REPORT OF PARTIES' PLANNING MEETING

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and Local Civil Rule 38, a conference was held on OCTOBER    , 2003. The participants were Norman A. Pattis for the plaintiff and Barbara Brazzel-Massaro for the defendants.

I.  CERTIFICATION

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

II.  JURISDICTION

    A.  SUBJECT MATTER JURISDICTION

The basis for the court's subject matter jurisdiction is that the suit raises claims arising under this Court's federal

question jurisdiction, in particular, a claim of unreasonable force in the course of an otherwise valid arrest.

      B.   PERSONAL JURISDICTION

Personal jurisdiction is not contested.

III.  BRIEF DESCRIPTION OF CASE

The plaintiff is a Bridgeport resident who was arrested for by the defendants. The plaintiff has since pleaded guilty to assault and is serving a prison sentence. He contends that at the time of his arrest he was subjected to a vicious beating by the defendants at a time during which he was not resisting the efforts of law-enforcement personnel to take him into custody.

The defendants contend that any force used in the apprehension of the plaintiff was reasonable, and that they are entitled to qualified immunity.

IV. STATEMENT OF UNDISPUTED FACTS:

The parties state that the following material facts are undisputed:

The defendants were acting under color of law at all times relevant to the Complaint.

V.   CASE MANAGEMENT PLAN:

      A.   STANDING ORDER ON SCHEDULING IN CIVIL CASES

The parties request a modification of the deadlines in the Standing Order On Scheduling In Civil Cases as follows:

      B.   SCHEDULING CONFERENCE WITH THE COURT

The parties do not request a pretrial conference with

the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

  C. EARLY SETTLEMENT CONFERENCE

  1. The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice.  Settlement is unlikely at this time.

  2. The parties do not request an early settlement conference.

  3. The parties prefer a settlement conference with a United States Magistrate Judge.

  4. The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 36.

  E. JOINDER OF PARTIES AND AMENDMENT OF PLEADINGS

  1. Plaintiff does not intend to join additional parties.

  2. The defendant does not intend to join additional parties. The defendant intends to file an amended answer.

  F. DISCOVERY

  1. The parties anticipate that discovery will be needed on the circumstances surrounding the arrest of the plaintiff and what injuries, if any, he sustained during his arrest.

  2. All discovery, including depositions of expert

witnesses pursuant to Fed. R. Civ. P. 26(b)94), has commenced, and will be completed by March 1, 2004.

    3.    Discovery will not be conducted in phases.

    4.    The parties anticipate that the plaintiff will require a total of three depositions of fact witnesses and the defendant will require a total of three depositions of fact witnesses. The depositions will commence immediately, and be completed by March 1, 2004.

    5.    The parties will not request permission to serve more than twenty-five interrogatories.

    6.    Plaintiff may call one expert witness at trial. Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by November 1, 2003, a date not later than three months before the deadline for completing all discovery. Depositions of any such experts will be completed by January 1, 2004, a date not later than two months before the deadline for completing all discovery.

    7.    Defendants may call expert witnesses at trial. Defendants will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by February 1, 2004, a date not later than one month before the deadline for completing all discovery. Depositions of such experts will be completed by March 1, 2004, a date not later than the discovery cutoff date.

8. A damages analysis will be provided by any party who has a claim or counterclaim for damages by January 1, 2004.

G. DISPOSITIVE MOTIONS:

Dispositive motions will be filed on or before April 1, 2004.

H. JOINT TRIAL MEMORANDUM

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by May 1, 2004 or thirty days after any ruling on dispositive motions, which ever is later.

IV. TRIAL READINESS

The case will be ready for trial by May 1, 2004.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

THE PLAINTIFF

By _____
NORMAN A. PATTIS  ct 13120
51 Elm St., Suite 409
New Haven, CT 06510
203.562.9931
203.776.9494 (fax)

THE DEFENDANTS

By _____*Barbara B. Massaro*_____
Barbara Brazzel-Massaro
Office of the City Attorney
999 Broad Street
Bridgeport, CT  06604
Tel: 203/576-7647
Fax: 203/576-8252
Fed. Bar No. 05746