UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PETER PASZKO | : | |
| Plaintiff | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 3-03-cv-1001 (JCH) |
| | : | |
| J. MORALES, ET AL | : | |
| Defendants | : | JANUARY 20, 2004 |

## STATUS CONFERENCE ORDER

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, this case is scheduled

for a status conference with Judge Janet C. Hall on **MARCH 15, 2004** at **4:00 p.m.** in

the United States District Court, 915 Lafayette Blvd., Bridgeport, CT.  The conference will

be held in Chambers.

Counsel responsible for this litigation shall attend in person and be prepared to

discuss with particularity all topics appropriate for consideration under Fed. R. Civ. P. 16,

and, specifically:

1.  The streamlining of issues, including the elimination of claims or defenses;

2.  The current status of discovery, including what discovery has been taken to
    date and what further discovery is needed;

3.  The deadline dates dictated by the court for the close of discovery and filing
    of dispositive motions;

4.  Any pending or anticipated discovery disputes;

5.  The current status of settlement negotiations and discussion of procedures
    that may assist in resolving the case; and

6.      Any other matters that should be brought to the court's attention "to secure the just, speedy and inexpensive determination of" this action.  F.R.Civ.P. 1.

On or before **MARCH 1, 2004**, the parties shall also file with the Clerk at Bridgeport a Rule 16 Joint Status Report.  It should address, <u>inter</u> <u>alia</u>, the following topics:

1.      Briefly describe the nature of this matter, the relief requested, and any relationship this case may have to other pending actions.

2.      Provide a concise summary of disputed issues of fact and law.

3.      Briefly describe what discovery has been taken to date.  Is discovery completed?  If not, how much additional time is needed and what additional discovery is necessary?

4.      Is a dispositive motion likely to be filed?  If so, what will be the basis for such a motion?

5.      Are there additional pleadings to be filed?  If so, state their nature.

6.      When will the case be ready for trial?  What is counsel's best estimate of the length of trial?

7.      What additional preparation, other than that previously discussed, is required?

8.      What do the parties believe that the court can do to facilitate the progress of this case?

9.      Do the parties believe a settlement conference or assignment to a special master would be beneficial at this time?  If not, explain what additional discovery or motion practice is necessary to facilitate settlement discussions.

The parties are <u>ordered</u> to <u>substantively</u> discuss settlement <u>in good faith</u> and to certify in their Joint Status Report that they have done so since the issuance of this Order. Statements to the effect that the parties have not been able to discuss settlement due to the early stages of discovery or that the parties agree that it is too early in the case for effective and informed settlement negotiations to take place are <u>not</u> a sufficient response to this obligation. The amounts of any demand or offer should <u>not</u> be disclosed in the status report.

Counsel are also ordered to substantively discuss with their client(s) the option of consent to referral for trial by a Magistrate Judge. After conferring with their client(s), counsel shall confer in good faith with one another to determine if all parties consent to referral. Counsel shall certify in their Joint Status Report that they have discussed the possibility of referral to a Magistrate Judge for trial with both their client(s) and opposing counsel, and indicate whether the parties consent to referral.

**Upon receipt of this order, counsel are instructed to confer with opposing counsel and confirm that all parties have notice of the status conference and the need to file a Joint Status Report.** Any requests pertaining to the status conference shall be made to the Chambers of the Judge **in writing** no later than ten (10) days from the date of this Order. Any counsel requesting continuances, which will be considered only for good cause clearly shown, shall consult with counsel for all other parties before making the

request and shall provide the court with a list of alternate times and/or dates.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 20th day of January, 2004.


/s/ Janet C. Hall
Janet C. Hall
United States District Judge