

2004 FEB 19 P 1: 10

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

PETER PASZKO                          :

              Plaintiff,          :          **CIV. NO. 3:03CV1001 (JCH)**

    vs.                               :

J. MORALES, TIFFANY CUMINOTTO-RIOS, :
MICHAEL FIUMIDINISI                   :

           Defendants          :          **FEBRUARY 17, 2004**

## MEMORANDUM IN SUPPORT OF MOTION TO COMPEL AND FOR SANCTIONS

### Introduction

On or about June 5, 2003, Peter Paszko filed a civil rights action naming 3 Bridgeport police officers, J. Morales, Tiffany Cuminotto-Rios and Michael Fiumidinisi. The Defendants responded to the Complaint on July 21, 2003. On July 23, 2003, the Defendants sent a Request for Interrogatories and Production to the Plaintiff (Exhibit "A"). On August 5, 2003, the Plaintiff requested a 30 day extension of time to respond (Exhibit "B"). The Defendants did not submit an objection to the Plaintiff's request. The Court granted the extension on August 18, 2003.

By letter dated October 8, 2003, the Defendants requested that the Plaintiff submit his responses so that it was not necessary to file a Motion (Exhibit "C"). The

BMF04028                          1

Plaintiff responded to the Defendants' request with a letter dated October 28, 2003 that counsel was "trying to track down what become of the interrogatory responses." (Exhibit "D").   To date, no responses have been sent.   The Scheduling Order regarding discovery has set a March 1, 2004 date for completion.  However, with no compliance, the Defendants are at a loss as to what further work is necessary from a discovery standpoint and may be prejudiced by the extraordinary delay and failure to comply.

The Defendants request that the Court enter orders that address this failure to respond by either dismissing the action at this time or ordering immediate compliance with monetary sanctions.

**Argument**

Federal Rule of Civil Procedure 33(a) mandates that answers and objections to interrogatories be filed within 30 days after the service of the interrogatories.  In the instant action the Defendants propounded interrogatories and production requests on July 23, 2003.  The Plaintiff requested an extension of time to answer and produce until September 23, 2003.  The Defendants had no objection and, absent objections, the Court granted the request.  Thereafter, the Plaintiff failed to respond.  The Defendants sent a letter requesting the compliance on October 8, 2003 to which the Plaintiff responded on October 28, 2003 indicating he was attempting to respond.  Three months have passed since the correspondence from

the Plaintiff on October 28, 2003 and over four months since the Court established date for responses with no compliance by the Plaintiff.

In accordance with the Scheduling Order entered on November 5, 2003, the Plaintiff and Defendants agreed to a time for completion of discovery by March 1, 2004. This is only one month away and there is still no compliance.

The Defendants have not been able to properly analyze and prepare a defense because of the lack of a response by the Plaintiff.

Federal Rule of Civil Procedure 37(d) permits a party who has propounded interrogatories and production to file a motion to compel and for sanctions in the event a party fails to comply. In this action, although the time was extended and, thereafter, the Plaintiff indicated basically that they were searching to respond, there has been no response.

This action involves a claim of use of excessive force in pursuing a fleeing felon. The Defendants have attempted to receive information concerning the specific claims of violation of the Plaintiff's civil rights and the damages alleged. he has offered no information and has even failed to provide a damage analysis, as required in the Scheduling Order. The Defendants cannot ascertain what, if any, injuries are directly related to the specific conduct of the arrest and are left to sheer speculation as to liability and damages. Without some basic information, the defense is stymied.

The Defendants respectfully request that the Court enter an order of immediate disclosure and/or dismissal of the action. Further, the Defendant, City of Bridgeport, requests attorney fees as per the affidavit of counsel.

THE DEFENDANTS

By: _____

Barbara Brazzel-Massaro
Associate City Attorney
OFFICE OF THE CITY ATTORNEY
999 Broad Street - 2nd Floor
Bridgeport, CT  06604
Tel. #203/576-7647
Fed. Bar # 05746

## CERTIFICATION

This is to certify that a copy of the foregoing "Memorandum in Support of Motion to Compel and for Sanctions" has been mailed, postage prepaid, on this 17th day of February, 2004, to:

**Norman A. Pattis, Esq.**
**51 Elm Street, Suite 409**
**New Haven, CT  06510**

_____

Barbara Brazzel-Massaro
Commissioner of the Superior Court

BMF04028                                          4



# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

PETER PASZKO                               :

        **Plaintiff,**                      :        CIV. NO. 3:03CV1001 (JCH)

   **vs.**                                :

                      :

**J. MORALES, TIFFANY CUMINOTTO-RIOS**      :
**MICHAEL FIUMIDINISI**                     :

        **Defendants**                     :        **JULY 23, 2003**

## REQUEST FOR INTERROGATORIES AND PRODUCTION

      Pursuant to Federal Rules of Civil Procedure 26 and 34, the Defendants hereby request that the Plaintiff, Maria Rodriguez, respond to the Interrogatories and production. Such responses shall be made to Attorney Barbara Brazzel-Massaro, Office of the City Attorney, 999 Broad Street, Bridgeport, Connecticut 06604, within 30 days of the date of service hereof.

**I.**    **INSTRUCTIONS AND DEFINITIONS**

      1.    In responding to these requests, you shall furnish all information available to you, including information in the possession of your investigators and all persons acting on your behalf, and not merely such information of your own personal knowledge. If you cannot respond to these requests in full after exercising due

BMF03050                                  1

diligence to secure the information requests, you shall so state and answer to the extent possible, specifying the nature of your inability to fully comply.

2.      Questions regarding the interpretation of the requests should be resolved in favor of the broadest possible construction.

3.      The requests which follow are to be considered as continuing, and you are requested to provide, by way of supplementary responses thereto, such additional information as you or any persons acting on your behalf may hereafter obtain which will augment, clarify, or otherwise modify the responses now given. Such supplementary responses are to be filed and served upon counsel within thirty (30) days after receipt of such information or documents.

4.      The term "document" includes, without limiting the generality of its meaning, all original (or copies where originals are unavailable) and non-identical copies (where different from original) of all written, printed, typewritten or otherwise recorded or graphic matter, however produced or reproduced, whether or not now in existence, of correspondence, telegrams, agreements, letters, notes or sound recordings of any type of conversation, meeting or conference, memoranda, graphs, charts, studies, reports, summaries and results of investigations and tests, statements, jottings, announcements, depositions, affidavits, photographs, tape recordings, video recordings, motion pictures, reviews, newspaper and/or other articles. Any and all descriptions of examples of documents provided herein are

illustrative only and do not limit the request to those particular documents or types of documents.

5.     If any documents identified in response to those requests for production was, but is no longer in your possession or control or is no longer in existence, state whether it is:  (1) missing or lost;  (2) destroyed;  (3) transferred voluntarily or involuntarily to others, and, if so, to whom;  or (4) otherwise disposed of;  and in each instance, explain the circumstances surrounding. and authorization for such disposition thereof and state the approximate date thereof.

6.     Unless otherwise specified, these requests for production utilize the definitions and rules of construction of discovery requests contained in Local Rule 39.

7.     These requests are in addition to any disclosure you are required to provided under the federal or local civil rules of procedure.

II.     **MANNER OF PRODUCTION**

1.     Documents produced pursuant to this request should be separately produced for each paragraph of this request or, in the alternative, shall be identified as complying with the particular paragraphs of the requests to which they are responsive.

BMF03050                          3

## INTERROGATORIES

1.      Please state the name and address of the individual answering each of these interrogatories and production and designate which interrogatories or production that the individual has answered.

**ANSWER:**

2.      Please provide the full name, social security number, and each and every address that the Plaintiff Peter Paszko had for the time July 1, 1998 to the present.

**ANSWER:**

3.      Please provide the name of each and every school that the Plaintiff Peter Paszko has attended.

**ANSWER:**

4.      Please provide the name, address and telephone number of each and every witness to any of the incidents alleged by the Plaintiff in his Complaint.

**ANSWER:**

5.    Please provide the dates and times of any prior imprisonment of the Plaintiff Peter Paszko.

**ANSWER:**

6.    Please state all employment at the time of the incident or for the year prior to the arrest of Mr. Paszko.  Please provide the names and addresses of such employers.

**ANSWER:**

7.    Please state specifically any injuries you claim were received by you as a result of the actions alleged in your Complaint and what or who caused each of the injuries alleged.

**ANSWER:**

8.    Please state specifically what you allege Officer Fiumidinisi did to violate your constitutional rights.

**ANSWER:**

9.    Please state specifically what you allege Officer Morales did to violate your constitutional rights.

**ANSWER:**

10.    Please state specifically what you allege Officer Cuminotto-Rios did to violate your constitutional rights.

**ANSWER:**

11.    Please provide the names and addresses of each doctor, hospital or other health professional who treated you for the injuries you alleged to have received as a result of your arrest on November 14, 2002.

**ANSWER:**

12.    As to the answer to #11 above, please state the dates of treatment, the specific type of treatment or examination, and the results, if any, of the treatment.

**ANSWER:**

13.    Did you receive treatment from a psychologist, psychiatrists, social worker or other professional as a result of the incident alleged in your Complaint?

**ANSWER:**

14.    If the answer to #13 above is affirmative, please provide the name, address, date and type of treatment.

**ANSWER:**

15.    Please provide a summary of all medical and/or pharmaceutical expenses that were incurred as a result of the allegations in the Complaint.

**ANSWER:**

16.    Please indicate whether and to what extent any future medical attention is required.

**ANSWER:**

BMF03050                                    7

17.    Please state whether you have contacted an expert to testify as to any part of your Complaint.

**ANSWER:**

18.    If the answer to #17 above is affirmative, please state:

a.    name and address of expert;
b.    area of expertise;
c.    the opinion to be offered by such expert;  and
d.    the facts upon which the expert will base his/her opinion.

**ANSWER:**

19.    Have you received any physical injuries prior to November 14, 2002 to your head, face, neck, back, arms and/or legs?

**ANSWER:**

20.    If the answer to #19 is affirmative, please state:

    a.    the nature and date of the injury;

    b.    the treater for such injury;  and

    c.    the permanency, if any, associated with the injury.

**ANSWER:**

## **PRODUCTION**

1.  Any and all medical reports, office notes, correspondence or bills relating to any medical care you received for the incident alleged in the complaint.

2.  Any and all employment records and wage statements for the time period January, 2000 to the present.

3.  Any photographs or statements of the Plaintiff or others regarding this incident.

4.  Any and all transcripts of criminal proceedings related to this incident.

5.  Any and all expert reports relating to this arrest.

6.  Any and all physical evidence you intend to introduce at the time of this trial.

7.  Any and all hospital reports, x-rays, MRIs, or other tests related to the allegations in your complaint.

8.  Any and all correspondence, notes or records retained by your concerning the allegations in your complaint.

9.    Any and all statements from witnesses regarding this incident or the claims in your complaint.

10.    Any and all physical evidence you intend to produce at the trial of this matter.

THE DEFENDANTS

BY: _Barbara B Massaro_
Barbara Brazzel-Massaro
Associate City Attorney
OFFICE OF THE CITY ATTORNEY
999 Broad Street
Bridgeport, CT  06604
Tel. No. 576-7647
Juris No. 06192

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage prepaid, on this 23RD day of July, 2003, to:

**Norman A. Pattis, Esq.**
**51 Elm Street, Suite 409**
**New Haven, CT  06510**

_Barbara B Massaro_
Barbara Brazzel-Massaro
Commissioner of the Superior Court

BMF03050                                11

FILED

2003            : 57

# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

PETER PASZKO,
    Plaintiff

VS.

J. MORALES,
    Defendant

:
:   3:03CV1001 (JCH)
:
:
:
:
:
:   AUGUST 5, 2003

### PLAINTIFF'S REQUEST FOR AN EXTENSION OF TIME
### WITHIN WHICH TO RESPOND TO DISCOVERY

The plaintiff in the captioned case, Peter Paszko, requests, through counsel, an extension of time of 30 days within which to respond to Interrogatories and Requests for Production served upon him on July 23, 2003. In support hereof, the undersigned represents as follows:

1.   I am the lawyer responsible for supervising the Paszko case.

2.   Mr. Paszko is currently incarcerated, thus making difficult the task of gathering certain documents requested and coordinating our response to these interrogatories.

3.   I have attempted to contact my adversary, Attorney Barbara Brazzel-Massaro, and have yet to learn of her response.

4.   This is the first such extension of time in this case.

1

CITY ATTORNEY
Mark T. Anastasi

DEPUTY CITY ATTORNEY
Salvatore C. DePiano

ASSOCIATE CITY ATTORNEYS
John H. Barton
Barbara Brazzel-Massaro
Russell D. Liskov
John R. Mitola
Ronald J. Pacacha

CITY OF BRIDGEPORT
**OFFICE OF THE CITY ATTORNEY**
999 Broad Street
Bridgeport, Connecticut 06604-4328



Gregory M. Conte
Melanie J. Howlett
Arthur C. Laske III
R. Christopher Meyer
Stephen J. Sedensky, Jr.

LEGAL ADMINISTRATOR
Kathleen Pacacha

Telephone (203) 576-7647
Facsimile (203) 576-8252

October 8, 2003

# VIA FAX:  203/776-9494

Norman Pattis, Esq.
Williams & Pattis
35 Elm Street, Suite 409
New Haven, CT  06510

Re:   **PETER PASZKO v. J. MORALES, ET AL**

Dear Attorney Pattis:

I provided interrogatories and production to the Plaintiff in the above referenced action dated June 23, 2003.  In August you requested an extension of time to respond until September 23, 2003.  This was permitted by the Court without objection.  I have not received the responses to date.  Please send the responses so that it does not become necessary to file a Motion for Compliance.

Also, in reviewing the file and some of the information concerning the arrest, I need to amend the Answer of the City.  I intend to submit an Amended Answer within the week unless I have an objection from you.  Please contact me as soon as possible if you have an objection.

Additionally, please note that in reviewing my file, I did not see a 26(f) Scheduling Order.  Do you have one in your file?  If you have one, please send me a copy.

Very truly yours,

Barbara B. Massaro

Barbara Brazzel-Massaro
Associate City Attorney

BBM/ch193

# WILLIAMS and PATTIS, LLC

JOHN R. WILLIAMS
NORMAN A. PATTIS
KATRENA ENGSTROM
TIMOTHY J. MAHONEY
CHRISTY H. DOYLE
ELIZABETH BROOKS

51 ELM STREET, SUITE 409
NEW HAVEN, CONNECTICUT 06510

(203) 562-9931
FACSIMILE (203) 776-9494
E-MAIL: jrw@johnrwilliams.com

October 28, 2003

Attorney Barbara Brazzel-Massaro
Office of the City Attorney
999 Broad Street
Bridgeport, CT 06604-4328

Re:    Peter Paszko

Dear Barb:

Enclosed is a draft 26(f) report.  If you will insert dates and sign it and mail it to the court, I would be grateful.

We do not object to your amending your answer.  I am trying to track down what became of the interrogatory responses in the Paszko case.

Sincerely,

NORMAN A. PATTIS

NAP:lc
Enclosure