UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RAYMOND PASZKOWSKI, | : | |
| | : | |
| PLAINTIFF | : | |
| | : | |
| VS. | : | NO. 3:03CV00717 (WWE) |
| | : | |
| PHILIP KIRPAS, ET AL | : | |
| | : | |
| DEFENDANTS | : | MARCH 14, 2005 |

## PLAINTIFF'S PRE-TRIAL MEMORANDUM

**I  Trial Counsel**

    Plaintiff:    Norman Pattis and Kimberly Waisonovitz
                     649 Amity Road
                     Bethany, CT 06524

    Defendants:  Patty G. Swan
                     Gordon, Muir and Foley, LLP
                     Ten Columbus Blvd.
                     Hartford, CT 06106-1976

**II  Jurisdiction**

    Federal question.

**III  Jury Election**

    The plaintiff elects trial by jury.

**IV  Length of Trial**

    Two days.

**V.  Further Proceedings**

    None anticipated.

**VI  Nature of the Case**

The plaintiff contends that he was assaulted by polices during the course of an

arrest and that he suffered a broken hip and other serious physical injuries. The defendants contend that the plaintiff resisted arrest and that any injury he suffered was the result of a fall. The defendants further contend that any force they used was reasonable and that they are entitled to qualified immunity.

**VII     Witnesses**

1. Raymond Pazkowski will testify about his apprehension, lack of resistance and injuries.

2. Officer William Kesbarian will testify about his role in the apprehension of the plaintiff, and his training in the use of force.

3. Ryan O'Connel will testify about his role in the apprehension of the plaintiff, and his training in the use of force.

4. Edward Dobbins will testify about his role in the apprehension of the plaintiff, and his training in the use of force.

5. Records Custodian, Griffin Hospital, will authenticate hospital records and bills arising from treatment of the plaintiff for injuries arising from his apprehension.

6. Records Custodian, Yale-New Haven Hospital, will authenticate hospital records and bills arising from treatment of the plaintiff for injuries arising from his apprehension.

7. Records Custodian, office of Dr. Michael Baumgaertner, will authenticate hospital records and bills arising from treatment of the plaintiff for injuries arising from his apprehension.

8. Kazimiera Paszkowski, 19 Cathy Drive, Shetlon, will testify about her

observations of the defendants at the time her son was injured and her son's pain and suffering.

**VIII    Exhibits**

1. Nine color photographs of the plaintiff taken shortly after the assault.
2. Bill, Yale Faculty Practice: $ 6,567
3. Bill, Griffin Hospital: $1,324.37
4. Bill, Yale-New Haven Hospital: $32,789.90
5. Bill, Yale Diagnostic Radiology: $246
6. Bill, Connecticut Radiology Associates: $67
7. Bill, New Haven Rheumatology: $225

**IX    Proposed Voir Dire**

1. This is a lawsuit for civil rights violations brought by a citizen against police officers.  Is there any reason why you would have difficulty being completely neutral and fair in deciding this case if you are chosen to serve on the jury?

2. Is there anyone here who would prefer not to sit on a jury concerning a case of this kind?

3. Does anyone here feel for any reason that citizens who believe that they have been treated illegally and unfairly should not bring suit against police officers?  If so, please explain.

4. Have you or anyone close to you ever been employed as a policeman or by any law enforcement agency in any capacity?  If so, please explain.

5. Have you or anyone close to you ever been employed by any municipality in the State of Connecticut?

6. Has anyone here or anyone close to you ever been employed by any other Governmental unit in the State of Connecticut or elsewhere?

7. Do you know or have you read anything or heard anything about this case, the plaintiff or the defendants or any of the lawyers involved in the case?

8. Has anyone here ever served as an appointed or elected official of state, city or local Government?

9. Has anyone here or anyone close to you ever been involved in any political campaigns or elections in the State of Connecticut?

10. Has anyone here or any close to you ever been employed by an attorney?

11. Would you for any reason tend to favor one side or the other in this case or in regard to the evidence which may be presented?

12. Other things being equal, would you tend to trust or believe the testimony of a police officer more or less than that of an ordinary citizen merely because the testimony came from a police officer?

13. Does anyone here have any feeling that the testimony of a police officer is entitled to greater or lesser weight or believability than that of a civilian?

14. Have you or anyone close to you ever been the victim of a crime?

15. Does anyone here belong to any club or organization which in any way is interested in the enforcement or the change of any law or laws or which is in any other way concerned with policemen or law enforcement?

16. Have you or anyone close to you ever been arrested?

17.  Has anyone here ever witnessed an arrest?

18.  Have you, or has anyone close to you, ever been a party to a lawsuit? If so, please explain.

19.  Where are you employed?

20.  If you are married, is your spouse connected in any way with any police department or other law enforcement agency or is he or she employed by any municipality?

### X.     Deposition Testimony

The defendant may attempt to offer the testimony of a medical expert via deposition. The plaintiff will object unless as there is no showing that the witness in unavailable for trial.

### XI     Requests to Charge

1.  The plaintiff has brought this lawsuit to obtain redress for what he contends were violations of his rights under the United States Constitution, specifically his right to be free from false arrest, unreasonable arrest, malicious prosecution and unreasonable force. Federal law provides that any individual may seek redress in this Court, by way of money damages, against any person or persons who, under color of State law, deprive that individual of any of his constitutional rights. "Acting under color of law" means "under pretense of law," and simply means acting in one's capacity as, in this case, a police officer. In this case, the plaintiff has met his burden of proving that the defendant acted under color of law, so you need not concern yourselves with that issue. [Monroe v. Pape, 365 U.S. 167 (1961); Pitchell v. Callan, 13 F.3d 545 (2d Cir. 1994); Conner v. Donnelly, 42 F.3d 220 (4th Cir. 1994); Stengel v. Belcher, 522 F.2d 438, 441

(6th Cir. 1975).]

    2. It is not necessary to find that the defendant had any specific intent to deprive the plaintiff of his civil rights in order to find in favor of the plaintiff. The plaintiff is entitled to relief if the defendant intended the actions which resulted in the violation of the plaintiff's rights or if the defendant acted in reckless disregard of the plaintiff's rights. Reckless disregard of the plaintiff's rights simply means not caring whether or not those rights were being violated. [Merriwether v. Coughlin, 879 F.2d 1037 (2d Cir. 1989); Bordanaro v. McLeod, 871 F.2d 1151, 1164 (1st Cir. 1989); Stengel v. Belcher, 522 F.2d 438 (6th Cir. 1975); Gregory v. City of Rogers, 921 F.2d 750, 755-57 (8th Cir. 1990) (Timbers, J.); Wood v. Ostrander, 879 F.2d 583 (9th Cir. 1989); Caballero v. City of Concord, 956 F.2d 204 (9th Cir. 1992); Presnick v. Santoro, 832 F. Supp. 521, 528 (D. Conn. 1993) (Cabranes, J.).]

    3. The testimony of a police officer is entitled to no special or exclusive sanctity. An officer who takes the witness stand subjects his testimony to the same examination and the same tests that any other witness does and in the case of police officers you should not believe them merely because they are so employed. You should recall their demeanor on the stand, their manner of testifying, the substance of their testimony, and weigh and balance it just as carefully as you would the testimony of any other witness. People employed by the government, including police officers, do not stand in any higher station in the community than other persons, and their testimony is not entitled to any greater weight. [Wright & Havanich, CONN. JURY INSTRUCTIONS, (2d Ed.) §667.]

    4. If you find that the defendant is liable to the plaintiff on any of the grounds

6

advanced in this lawsuit, you should then consider the question of damages. There are essentially two kinds of damages which can be awarded in a lawsuit -- compensatory damages and punitive damages. Compensatory damages are designed to compensate the plaintiff for injuries suffered by the plaintiff. These injuries include money actually spent or debts incurred as a result of the injury, as well as emotional anguish, impairment of reputation, personal humiliation, and other suffering. In fixing compensatory damages you should determine the amount of money which will, in your judgment, reasonably and fairly compensate the plaintiff for any harm of any kind which was proximately caused by the wrongful conduct of the defendant. Among the elements of injury and harm for which compensation may be awarded are:

 a) The physical harm to the plaintiff during and after the impairment or injury received, including imprisonment and loss of freedom;

 b) The emotional harm to the plaintiff during and after the impairment or injury received, including emotional distress or pain, humiliation, personal indignity, embarrassment, fear, anxiety and/or anguish which the plaintiff has suffered or may with reasonable certainty be expected to suffer in the future;

 Actual loss is not limited to expenses or debts incurred. Injuries of any kind are to be fully and fairly compensated if they are proximately caused by the constitutional violation. You should award damages in such a case to the extent that the loss or injury can be reasonably quantifiable and not simply on the basis of the inherent value of the rights violated. The damages you award should be proportional to the actual loss sustained, whether that loss is physical or mental or emotional or one of the other types of loss I have previously discussed with you. [Memphis Community School District v.

Stachura, 477 U.S. 299 (1986); Wheatley v. Beetar, 637 F.2d 863, 865-68 (2d Cir. 1981); Ellis v. Blum, 643 F.2d 68, 82-84 (2d Cir. 1981); Walters v. City of Atlanta, 803 F.2d 1135 (11th Cir. 1986); Johnson v. Franklin, 112 Conn. 228, 229, 152 Atl. 64 (1930); Childs v. Bainer, 35 Conn. App. 301, 304 (1994); Creem v. Cicero, 12 Conn. App. 607, 611, 533 A.2d 234 (1987); Jeffries v. Johnson, 27 Conn. App. 471, 476, 607 A.2d 443 (1992).]

    5. You may also decide whether the plaintiff is entitled to the award of any punitive damages. In a case like this one, you may consider whether acts or omissions of the defendant, if you find them to have been proved, were so serious that the defendant should pay a penalty so that in the future others will be deterred from engaging in the same conduct. Whether you decide to award any punitive damages should be based on whether you find that the defendant engaged in any one of the following things:

    1) Willful or malicious violation of the constitutional rights of the plaintiff;

    2) Any intentional act by the defendant in gross disregard of the rights of the plaintiff;

    3) Reckless disregard by the defendant of whether or not he was violating the rights of the plaintiff.

If you find any one of these three things to have been proven, then you should award punitive damages. [Smith v. Wade, 461 U.S. 30 (1983); Stolberg v. Board of Trustees, 474 F.2d 489 (2d Cir. 1973); McFadden v. Sanchez, 710 F.2d 907 (2d Cir. 1983); Savarese v. Agriss, 883 F.2d 1194, 1204 (3d Cir. 1989); Larez v. City of Los Angeles, 946 F.2d 630, 648-49 (9th Cir. 1991); Wright v. Sheppard, 919 F.2d 665, 670-

73 (11th Cir. 1990).]

      6.  The purpose of punitive damages awards is both punishment and deterrence, and in deciding whether to award punitive damages and, if so, fixing the amount of such damages, the jury acts as the conscience of the community.  In fixing the amount of punitive damages, it is appropriate for the jury to consider all of the same factors which a trial judge would consider in imposing sentence in a criminal case.  These factors include the behavior of the defendant at trial and his or her apparent lack of genuine repentance for the misconduct in question, if you find such to be the case.  [Hall v. Ochs, 817 F.2d 920 (1st Cir. 1987); Rowlett v. Anheuser-Busch, Inc., 832 F.2d 194 (1st Cir. 1987); O'Neill v. Krzeminski, 839 F.2d 9 (2d Cir. 1988); Zarcone v. Perry, 572 F.2d 52 (2d Cir. 1978).]

      7.  A person, even if he or she is being lawfully arrested, has a constitutional right to have that arrest made in a reasonable manner.  A police officer is not allowed to behave unreasonably when making even a lawful arrest.  The officer may take only such steps and use only such force as a reasonable and trained police officer would believe is required to take an arrested citizen into custody, for the particular charges and under the particular circumstances presented by this case.  A police officer may do no more than that.  In determining whether a defendant police officer has acted unreasonably in the course of making an otherwise lawful arrest, you should consider all of the facts which you find to have been proven in the case, including the need if any for undertaking the particular procedures that were involved and the relationship between those procedures and the extent of the injury which was inflicted upon the plaintiff by the officers.  [Graham v. Connor, 490 U.S. 386 (1989); Miller v. Lovett, 879

F.2d 1066 (2d Cir. 1989); <u>Finnegan v. Fountain</u>, 915 F.2d 817 (2d Cir. 1990).]

                THE PLAINTIFF
                RAYMOND PASZKOWSKI


BY: _____
      NORMAN A. PATTIS
      Williams and Pattis, LLC
      51 Elm Street, Suite 409
      New Haven, CT 06510
      (203) 562-9931
      Federal Bar No. ct14361
      His Attorney

**CERTIFICATION**

This is to certify that a copy hereof has been sent via first class mail, postage prepaid on March 14, 2005, to the following parties and counsel of record:

Attorney Patty G. Swan
10 Columbus Boulevard
Hartford, CT 06106

_____
NORMAN A. PATTIS