## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

PETER PASZKO,                        :
      Plaintiff,                    :        CIVIL ACTION NO.
                              :        3:03-cv-1001 (JCH)
v.                                   :
                              :
JOSEPH MORALES,                      :        APRIL 26, 2005
      Defendant.                    :

### JURY CHARGE

I.    INTRODUCTION

You have now heard all of the evidence in the case and the final arguments of

counsel.  This brings us to the stage in the trial where you will soon undertake your final

function as jurors.  First, however, it is my duty to instruct you concerning the law that

applies to this case.

You must take the law as I give it to you.  Regardless of any opinion you may

have as to what the law is or ought to be, it would be a violation of your sworn duty to

base a verdict upon any view of the law other than the view instructed by me.  If any

attorney or any witness or any exhibit has stated a legal principle different from one that

I state to you in these instructions, it is my instructions that you must follow.  Any

witness's testimony concerning the law was testimony of his understanding of the law

and is to be considered by you only with regard to his understanding.  It is my

instructions only that establish the law for your deliberations.  You must take the law as

I give it to you.

When you recess to deliberate, you will have a copy of my instructions for your

reference.  You must remember, though, that the instructions as a whole constitute the

law of this case; you should not single out any one instruction.

At the outset of this trial, I gave you some preliminary instructions that were intended to serve as an introduction to the trial and to orient you to the particular case under consideration. The instructions that I now will give are the final and complete instructions. I believe that everything I am going to tell you now is consistent with the instructions I gave you at the start of the trial, but if you have any doubt, you should not rely on anything different that I may have said in the preliminary instructions. The instructions I am now giving you must guide your deliberations in this case.

II.    ROLE OF JURORS

You must carefully and impartially consider all of the evidence in the case and apply the law as stated by the court to reach a just verdict.

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them. In determining these issues, no one may invade your province or function as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence.

In determining the facts, you are reminded that you took an oath to render judgment impartially and fairly, without bias, prejudice or sympathy, solely upon the evidence in the case and the applicable law. I know that you will do this and in that way reach a just and true verdict.

You should be guided solely by the evidence presented during trial, without regard to the consequences of your decision. You have been chosen to try the issues of fact and to reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy or bias interfere with your clear thinking, there is a risk that you will not arrive at a fair and just verdict.

Because you are the sole and exclusive judges of the facts, I do not mean to indicate, in this charge or at any time during the trial, any opinion as to the facts or as to what your verdict should be. The rulings I have made during the trial are not any indication of my view of what your decision should be as to whether or not the plaintiff

has proven his case.  Of course, you will dismiss from your mind completely any evidence which has been ruled out of the case by the court, and you will refrain from speculation or conjecture or any guesswork about the nature or effect of any colloquy between the court and counsel held out of your hearing.

I also instruct you to draw no inference from the fact that, upon occasion, I asked questions of or gave instructions to certain witnesses.  These questions and instructions were intended only for clarification or to expedite matters and certainly were not intended to suggest any opinion on my part as to the verdict you should render, or as to whether any of the witnesses may have been more or less credible than any other witnesses.

III.    ALL PARTIES EQUAL BEFORE THE LAW

The fact that the defendant in this case is a Bridgeport police officer entitles the defendant to no greater consideration than that accorded to any other party to a case. By the same token, he is entitled to no less consideration. All parties stand equal before the law and are to be treated as equals in this, a court of justice.

_____

IV.    BURDEN OF PROOF

The party with the burden of proof on any given issue has the burden of proving every disputed element of his claim to you by a preponderance of the evidence.  If you conclude that the party bearing the burden of proof has failed to establish his claim by a preponderance of the evidence, you must decide against him on the issue you are considering.

Mr. Paszko has the burden of proving each and every element of his claim by a preponderance of the evidence.  I shall shortly instruct you on the elements of Mr. Paszko's claim.  If you find that any one of the elements of Mr. Paszko's claim has not been proven by a preponderance of the evidence, you must return a verdict for Officer Morales.

What does a "preponderance of the evidence" mean?  To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true.  A preponderance of the evidence means the greater weight of the evidence.  It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or exhibits.  In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received into evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties - that it is equally probable that one side is right as it is that the other side is right - then you must decide that issue against the party having this burden of proof. That is because the party bearing this burden must prove more than simple equality of

the evidence - he must prove the element at issue by a preponderance of the evidence. On the other hand, the party with this burden of proof need prove no more than a preponderance.  So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof - that what the party claims is more likely true than not true - then that element will have been proved by a preponderance of the evidence.

Some of you may have heard of "proof beyond a reasonable doubt," which is a higher standard of proof required in a criminal trial.  That standard does not apply to a civil case, such as this, and you should not consider it in this case.

## V.     ROLE OF ATTORNEYS

It is the duty of the attorney on each side of the case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible.  Counsel also have the right and duty to ask the court to make rulings of law.

All those questions of law must be decided by me, the court.  You should not show any prejudice against an attorney or his or her client because the attorney objected to the admissibility of evidence, or asked the court to rule on the law.

VI.     MEANING OF "PROVE" AND "FIND"

Throughout these instructions to you, I may use the word "prove" from time to time, with reference to the burden of proof.  I may also speak of your "finding" various facts as to elements of the claims made in this case.  You are to understand my use of the word "prove" to mean "prove by a preponderance of the evidence" even if I do not always repeat all of these exact words.  Similarly, when I say that you must "find" a fact in order to return a verdict in favor of the plaintiff or defendant, you must find that fact to have been proven by a preponderance of the evidence even if I simply use the word "find."

VII.    WHAT IS AND IS NOT EVIDENCE

The evidence in this case is the sworn testimony of the witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

It is the witness's answers and not the lawyer's questions that are evidence.  At times, a lawyer may have incorporated into a question a statement that assumed certain facts to be true, and then asked the witness if the statement was true.  If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.  Similarly, if an attorney described a witness's testimony, you should not accept that description as the witness's testimony. It is your recollection of the witness's testimony that controls.

The lawyers are not witnesses.  What the lawyers have said in their closing arguments, in their objections, or in their questions is not evidence.  What they have said in their closing arguments is intended to help you understand the evidence and to reach your verdict.  However, if your recollection of the facts differs from what a lawyer says, it is your recollection that controls.

Testimony that has been stricken or excluded by the court is also not evidence and may not be considered by you in rendering your verdict.  In certain instances evidence was admitted only for a particular purpose and not generally for all purposes. For the limited purpose for which it has been received, you may give such evidence the weight you decide it deserves.  You may not, however, use this evidence for any other purpose not specifically mentioned by the court.

Exhibits which have been marked for identification may not be considered by you as evidence unless and until they have been received in evidence by the court. Materials brought forth only to refresh a witness's recollection are not evidence. Any proposed testimony or proposed exhibit to which an objection was sustained by the court, and any testimony or exhibit ordered stricken by the court, must be entirely disregarded by you.

Anything I may have said during the trial, or what I may convey in these instructions, is not evidence. My rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence. Finally, anything you may have seen or heard outside the courtroom or while the court was not in session is not evidence and must be entirely disregarded. You are to decide the case solely on the evidence received at trial.

VIII.    DIRECT AND CIRCUMSTANTIAL EVIDENCE

Generally speaking, there are two types of evidence.  One type of evidence is direct evidence.  Direct evidence is evidence presented by a witness who testifies to what he saw, heard, or observed.  In other words, when a witness testifies about something he knows by virtue of his own senses, such as seeing, touching, or hearing, that is called direct evidence.  Direct evidence may also be in the form of an exhibit where the fact to be proved is the existence or content of the exhibit.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts.  That is, circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist.  Remember my rain example.  On the combination of facts that I asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.  It is not the only conclusion you could reach, nor must you reach that conclusion, but you could do so reasonably and logically.  All there is to circumstantial evidence is that you infer on the basis of reason, experience, and common sense, from established facts—in my example, a weather forecast and people with wet umbrellas and raincoats—the existence or non-existence of some other fact—that it has been raining.

Circumstantial evidence is of no less value than direct evidence.  It is a general rule that the law makes no distinction between direct and circumstantial evidence, but simply requires that, before finding for the plaintiff, the jury must be satisfied that the plaintiff proved his or her case by a preponderance of the evidence based on all of the evidence in the case.

IX.     INFERENCES

During the trial you have heard the term "inference," and in the attorneys' arguments, they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess.  It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact that has been shown to exist. There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence.  The plaintiff asks you to draw one set of inferences, while the defendant asks you to draw another.  It is for you, and you alone, to decide what inferences you will draw.  In drawing inferences, you should exercise your common sense.

Here again, let me remind you that, whether based upon direct or circumstantial evidence or upon logical, reasonable inferences drawn from such evidence, you must be satisfied that the plaintiff has proven the elements of his claim before you may find for him.

X.    WITNESSES

Your decision on the facts of this case should not be determined by the number of witnesses testifying for or against a party.  You should consider all the facts and circumstances in evidence to determine which of the witnesses you choose to believe or not believe.  You may find the testimony of a single witness more credible than the testimony of a number of witnesses.  Indeed, you may find that the plaintiff has not met his burden of proof even when the defendant calls no witnesses.

You have had the opportunity to observe all the witnesses.  It is now your job to decide how believable each witness was in his testimony.  You and you alone are the judges of the credibility of each witness, which testimony to believe and which not to believe, and the importance of a witness's testimony.

In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you decide the truth and the importance of each witness's testimony.

How do you determine truthfulness?  When you watched a witness testify, everything a witness said or did on the witness stand counts in your determination.  What impression did the witness give you?  Did he appear to be frank, forthright, and candid, or evasive and edgy as if hiding something?  How did the witness appear?  What was his demeanor, that is, his carriage, behavior, bearing, manner, and appearance while testifying?  Often it is not what a person says, but how he says it that moves us.

You should use all the tests for truthfulness that you would use in determining

-14-

matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party. Evidence that a witness is biased, prejudiced, or hostile toward either the defendant or the plaintiff requires you to view that witness's testimony with caution, to weigh it with care, and subject it to close and searching scrutiny. You should also consider the opportunity the witness had to see, hear, and know the things about which he testified; the accuracy of the witness's memory; his candor or lack of candor; his intelligence or the lack thereof; and the reasonableness and probability of his testimony, its consistency or lack of consistency, and its corroboration or lack of corroboration with other credible testimony.

If you find that any witness, whose testimony you are considering, may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his testimony and accept it with care. Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved. There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely. It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness's interest has affected his testimony.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons participating in an event or witnessing an incident or transaction may see or hear it differently; an innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an insignificant detail, and whether the

discrepancy results from innocent error or from intentional falsehood.

You are not limited to just the factors I have mentioned. You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. Always remember that in assessing a witness's testimony, you should use your common sense, your good judgment, and your own life experience.

XI.    IMPEACHMENT OF WITNESSES

A witness may be discredited or "impeached" by contradictory evidence, by a showing that the witness testified falsely concerning a matter, or by evidence that at some other time the witness said or did something inconsistent with the witness's present testimony.  If the impeachment results from evidence concerning a prior inconsistent statement, you must keep in mind that you may consider the earlier inconsistent statement only to aid in your decision concerning the credibility of the witness, and not to establish the truth of the earlier statement.

It is your exclusive province to give the testimony of each witness such credibility or weight, if any, as you think it deserves.  If you find that a witness testified untruthfully in some respect, you may consider that fact in deciding what credence you will attach to that witness's testimony.  Considering that fact and all other relevant evidence, you may accept or reject the testimony of such a witness, in whole or in part.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; and whether the witness had an explanation for the inconsistency and whether that explanation made sense to you.

XII.    TESTIMONY OF LAW ENFORCEMENT OFFICERS

Some of the testimony that you have heard has been the testimony of law enforcement officers.  The testimony of a law enforcement officer is entitled to no greater or lesser weight than any other witness's testimony.

At the same time, it is entirely legitimate for opposing counsel to try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.

A law enforcement officer who takes the witness stand subjects his testimony to the same examination and the same tests that any other witness does.  When you consider a law enforcement officer's testimony, you should use the same tests for truthfulness that you use with other witnesses.

XIII.    JURY CAN ACCEPT OR REJECT TESTIMONY

You are not required to accept testimony even though the testimony is uncontradicted and the witness is not impeached. You may decide, because of the witness's bearing and demeanor or because of the inherent improbability of his testimony or for other reasons sufficient to you, that such testimony is not worthy of belief.

On the other hand, the testimony of a single witness may be sufficient to convince you by a preponderance of the evidence of the existence of an essential element of the offense charged, if you believe that the witness has truthfully and accurately related what in fact occurred.

XIV.    STATEMENT OF THE CASE

Mr. Paszko claims that he was assaulted by a member of the Bridgeport Police Department, Officer Joseph Morales, and by a police dog controlled by Officer Morales, during the course of his arrest on or about November 14, 2002.  Mr. Paszko claims that, at the time of the assaults, he was not resisting the lawful commands of Officer Morales.

Officer Morales denies Mr. Paszko's claims.  Officer Morales claims that Mr. Paszko was involved in a robbery and assault on or about November 14, 2002, and that Officer Morales pursued Mr. Paszko as Mr. Paszko attempted to evade arrest by running and hiding in bushes.  Officer Morales claims that he ordered Mr. Paszko to stop or he would send the police dog after him.  Mr. Paszko did not stop.  Officer Morales claims the dog caught Mr. Paszko as he attempted to hide under a bush, and Mr. Paszko was injured in the subsequent struggle with the police dog.  Officer Morales denies that he used excessive force and claims that his use of the police dog was reasonable given the circumstances.

I will now explain, in detail, the elements Mr. Paszko must prove by a preponderance of the evidence in order for you to find for him on his claim.

XV.    STATUTE – 42 U.S.C. § 1983

Mr. Paszko brought his claim in this lawsuit pursuant to Section 1983 of Title 42 of the United States Code, which I will refer simply to as "Section 1983." Section 1983 provides that a person may seek relief in this court by way of damages against anyone, who, under color of any state law or custom, subjects such person to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or the laws of the United States.

XVI.    STATE OF MIND

I instruct you that, to establish a claim under Section 1983, Mr. Paszko must show that Officer Morales acted intentionally or recklessly.  It is not necessary to find that Officer Morales had any specific intent to deprive Mr. Paszko of his civil rights in order to find in favor of Mr. Paszko.  That a person had no specific intent or purpose to deprive another of his civil rights will not excuse him from liability if his acts did in fact deprive a plaintiff of those rights.  Mr. Paszko is entitled to relief if Officer Morales intended the actions which resulted in the violation of Mr. Paszko's rights or if Officer Morales took those actions in reckless disregard of Mr. Paszko's rights.

An act is intentional if it is done knowingly, that is if it is done voluntarily and deliberately and not because of mistake, accident, negligence or other innocent reason. An act is reckless if done in conscious disregard of its known probable consequences.

If you find that the actions of Officer Morales were merely negligent, then even if you find that Mr. Paszko was injured as a result of those actions, you must return a verdict for Officer Morales as to Mr. Paszko's civil rights claim.  An act is negligent if Officer Morales was under a duty or obligation, recognized by law, that required him to adhere to a certain standard of conduct to protect others against unreasonable risks, and he breached that duty or obligation.

In determining whether Officer Morales acted with the requisite intent or recklessness, you should remember that, while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind.  Therefore, you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with

respect to those facts.

XVII.  ELEMENTS OF A SECTION 1983 CLAIM

A Section 1983 claim has four elements.  In order to prove his claim under Section 1983 Mr. Paszko must prove, by a preponderance of the evidence, each of the following four elements:

1) that Officer Morales acted under the color of state authority;

2) that Mr. Paszko was deprived of one or more of his rights secured by the Constitution or laws of the United States;

3) that the defendant committed the acts that caused Mr. Paszko to be subjected to the deprivation of his rights; and

4) that such acts as you find violated Mr. Paszko's rights were the proximate cause of damages sustained by him.

Mr. Paszko may not recover on his Section 1983 claim against Officer Morales unless he has proven by a preponderance of the evidence each of these elements, which I will now address in detail.

XVIII.  FIRST ELEMENT OF A SECTION 1983 CLAIM: UNDER COLOR OF STATE LAW

In order to prove the first element of a Section 1983 claim, a plaintiff must prove that a defendant was acting under the color of state authority, in this case the authority of the City of Bridgeport.  Acting under color of law simply means that the activities at issue occurred while the defendant was performing official duties.   No one disputes that Officer Morales was acting under color of state law in this case.  Therefore, the first element of the plaintiff's Section 1983 claim has been established as to Officer Morales, by agreement of the parties.

XIX.   SECOND ELEMENT OF A SECTION 1983 CLAIM: DEPRIVATION OF
       CONSTITUTIONAL RIGHT

In order to prove the second element of a Section 1983 claim, Mr. Paszko must

prove that he was deprived of a right protected by the Constitution or laws of the United

States.  Mr. Paszko alleges that Officer Morales deprived Mr. Paszko of a federal

constitutional right, by using excessive force while taking Mr. Paszko into custody.  Let

me now explain this right in detail.

XX.    EXCESSIVE FORCE

Under the Fourth Amendment of the United States Constitution, every citizen has the right to be free from harm from the use of excessive force while being taken into custody.  A person, even if lawfully detained, has a constitutional right to be free from the use of excessive force.  An officer may only take such steps, and use only such force, as a reasonable and trained police officer would believe is required to take an arrested citizen into custody, for the particular charge(s) and under the particular circumstances presented by this case.  On the other hand, a police officer is entitled to use such force as is reasonable in light of the circumstances and dangers facing him at the time of the encounter with a citizen.

The reasonableness of a particular method of taking a person into custody must be judged objectively from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.  Whether excessive force was used depends on whether the officer's actions were objectively reasonable in light of the circumstances with which he was confronted.  Because the test of reasonableness is not capable of precise definition or mechanical application, you must pay careful attention to the facts and circumstances of this particular case.  Circumstances which you should consider in determining whether the amount of force used was objectively reasonable include the severity of the crime at issue, whether Mr. Paszko posed an immediate threat to the safety of Officer Morales or others, and whether Mr. Paszko actively resisted arrest or attempted to evade arrest by flight.  However, you do not have to determine whether Officer Morales had less intrusive alternatives available for Officer Morales need only to have acted within that range of conduct identified as reasonable.  Outside of one's

home, a person is not justified in using physical force to resist an arrest by a reasonably identifiable police officer, whether such arrest is legal or illegal.

Your assessment of reasonableness must allow for the fact that officers are often forced to make split-second judgments, in circumstances that are tense, uncertain, and rapidly evolving, about the appropriate steps, including the amount of force, that are necessary in a particular situation.  In this vein, I must caution you that not every push, pull, or shove, even if it may later seem unnecessary in the peace of a courtroom, violates the Constitution.  Additionally, employing the use of a police dog in the apprehension of a subject, in and of itself, does not rise to the level of a constitutional violation even if the dog is trained to bite and hold.

Mr. Paszko claims that Officer Morales used excessive force when Officer Morales arrested Mr. Paszko and when Officer Morales sent his police dog after Mr. Paszko.  In determining whether Officer Morales took Mr. Paszko into custody in a manner that violates the Constitution, you should consider all the facts which you find to have been proven in the case, including whether Mr. Paszko posed an immediate threat to the safety of Officer Morales or others; the need, if any, for particular tactics, including the application of force; the relationship between the need and the amount of force that was used; and the extent of any injury inflicted.  You must determine whether Officer Morales's conduct was objectively reasonable by balancing the nature and quality of the intrusion on the individual's interest to be free from excessive force against the interest of the police in taking the person into custody in the particular manner it was done.

If you find that Mr. Paszko has proven by a preponderance of the evidence that

-28-

Officer Morales used excessive force in taking him into custody, then you must find that Officer Morales violated Mr. Paszko's constitutional rights under the Fourth Amendment.  If you find that Officer Morales used reasonable force in taking Mr. Paszko into custody, then you must find that Officer Morales did not violate Mr. Paszko's constitutional rights by taking him into custody in an unreasonable manner.

That completes my instructions on the basis that Mr. Paszko claims proves the second element of his Section 1983 claim, deprivation of a constitutional right for which Officer Morales would be liable.  I will now address the third element of a Section 1983 claim, causation.

XXI.    THIRD ELEMENT OF A SECTION 1983 CLAIM: CAUSATION

In order to prove the third element of a Section 1983 claim, Mr. Paszko must prove that Officer Morales's conduct was the cause of any constitutional deprivation by Officer Morales.  In other words, Mr. Paszko must establish a causal connection between Officer Morales's actions and the deprivation of rights that I have described to you.  If you find that there was a constitutional violation, but it was not caused by the conduct of Officer Morales, then Mr. Paszko has failed to establish the third element of his claim.  If you find that there was a constitutional violation and it was caused by the conduct of Officer Morales, the third element has been proven and you should then proceed to consider the fourth element.

XXII.  FOURTH ELEMENT OF A SECTION 1983 CLAIM: PROXIMATE CAUSE
       OF INJURY

If you find that Mr. Paszko has proven that Officer Morales deprived Mr. Paszko

of a constitutional right in the way he has alleged, then you should decide if Mr. Paszko

has proven the fourth element of a Section 1983 claim—that the unlawful act which

deprived Mr. Paszko of his rights was the proximate cause of an injury suffered by him.

An injury is proximately caused by an act, or a failure to act, whenever it appears

from the evidence in the case that the act or omission played a substantial part in

bringing about or actually causing the injury, and that injury was either a direct result or

a reasonably probable consequence of the act or omission.

This does not mean that the law recognizes only one proximate cause of an

injury, consisting of only one factor or thing, or the conduct of only one person.  On the

contrary, many factors or things, or the conduct of two or more persons, may operate at

the same time either independently or together, to cause injury; and in such a case,

each may be a proximate cause.

If you find that Mr. Paszko has proven by a preponderance of the evidence that

any conduct of Officer Morales proximately caused an injury to have been suffered by

Mr. Paszko, then Mr. Paszko has proven the fourth and final element of the Section

1983 claim.

XXIII.  CONSIDER DAMAGES ONLY IF NECESSARY

If you find that Mr. Paszko has proven that Officer Morales has proved the four elements of his Section 1983 claim, you must decide whether Mr. Paszko is entitled to damages.

If Mr. Paszko has proven by a preponderance of the evidence that Officer Morales is liable on his claim, then you must determine the damages to which Mr. Paszko is entitled.  However, you should not infer that he is entitled to recover damages merely because I am instructing you on the elements of damages.  It is exclusively your function to decide upon liability, and I am instructing you on damages only so that you will have guidance should you decide that Mr. Paszko is entitled to recovery.

You should award damages only for those injuries caused by the conduct you find satisfies the elements of a cause of action, in accordance with these instructions. There are different types of damages; let me now explain each type to you.

XXIV.  COMPENSATORY DAMAGES

If you find in favor of Mr. Paszko under the elements described in Section XVII, then you must award Mr. Paszko such sum as you find by the preponderance of the evidence will fairly and justly compensate him for any damages you find he sustained as a direct result of Officer Morales use of excessive force.  Mr. Paszko claims damages for physical injuries suffered, physical pain, anxiety, emotional distress, and suffering.

This type of damages is generally called compensatory damages, the purpose of which is to award, as far as possible, fair and just compensation.  If you decide for him on the issue of liability against Officer Morales, you must then fix the amount of damages that will reasonably and fairly compensate Mr. Paszko for any harm that the wrongful conduct of Officer Morales was a substantial factor in bringing about. Compensatory damages seek to make a plaintiff whole—that is, to compensate  for the damages that he suffered.  These damages may include economic damages as well as non-economic damages.  Economic damages include such items as medical bills. Non-economic damages include emotional distress and mental anguish.

The task of determining damages in a case of this sort is not easy.  You are not at liberty to guess or infer what the damages are.  You must use your best judgment, remembering always that it is incumbent upon a plaintiff, even if you find that he is entitled to recover, to prove by a fair preponderance of the evidence the amount of the damages to which he is entitled.

Generally speaking, in order to award compensatory damages for a given injury

or harm, you must find that Mr. Paszko has proven by a preponderance of the evidence that the claimed injury or harm was caused by Officer Morales. Mr. Paszko may recover fair, reasonable, and just compensation for only those elements of damage he has proven were caused by the acts of Officer Morales, which acts satisfy the elements of Mr. Paszko's claim.

Actual damages must not be based on speculation or sympathy. Nor may damages be based on the abstract "value" or "importance" of a constitutional right. Damages must be based on the evidence at trial. On the other hand, the law does not require Mr. Paszko to prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

No evidence of the value of such intangible things as mental or emotional distress has been or need be introduced. In that respect, it is not value you are trying to determine, but rather an amount that will fairly compensate Mr. Paszko for the damages he may have suffered. There is no exact standard for fixing the compensation to be awarded on account of such elements of damage. This is a matter that is left to the conscience, good sense, and sound judgment of the jury. You should not act unreasonably through bias, passion, or sympathy, but rather should exercise common sense and fix an amount of damages, that, in accordance with the evidence and the law, will fairly compensate Mr. Paszko for all injuries suffered.

In awarding damages, you must also disregard any suffering which may have been experienced by Mr. Paszko from causes other than Officer Morales's actions and award him only those damages which resulted directly from any conduct that he has

proven.  Thus, if you find that Mr. Paszko experienced mental suffering or emotional distress as a result of other reasons, for example, pre-existing conditions, or unrelated health issues, you should not award any emotional distress damages for the emotional distress caused by those other reasons.  Likewise, you should not award any damages for stress and anxiety related to Mr. Paszko's prosecution on criminal charges.

You must bear in mind at all times that the burden is on the plaintiff, Mr. Paszko, to prove that any claimed element of damages was a proximate consequence of a proven wrongful act, as well as to prove the reasonable amount with respect to any such element of damage.

XXV.  DAMAGES - PROXIMATE CAUSE

You are not to award damages for any injury or condition from which Mr. Paszko may have suffered, or may now be suffering, unless he has proved by a preponderance of the evidence that such injury or condition was proximately caused by the actions of Officer Morales.

An injury or damage is proximately caused by an act, or failure to act, whenever it appears from the evidence in the case that the act or omission played a substantial part in bringing about or actually causing the injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence of the act or omission.

XXVI.  NOMINAL DAMAGES

If you find, after considering all the evidence presented, that Officer Morales violated Mr. Paszko's constitutional right, but that Mr. Paszko suffered no injury as a result of this violation or breach, you may award him "nominal damages."  "Nominal damages" are awarded as recognition that the plaintiff's rights have been violated.  You would award nominal damages if you conclude that the only injury that Mr. Paszko suffered was the deprivation of his constitutional rights, without any resulting physical, emotional or financial damage.

You may also award nominal damages if, upon finding that some injury resulted from a given unlawful act, you find that you are unable to compute monetary damages except by engaging in pure speculation and guessing.

You may not award both nominal and compensatory damages to Mr. Paszko; either he was measurably injured, in which case you must award compensatory damages, or else he was not, in which case you may award nominal damages.

Nominal damages may not be awarded for more than a token sum, say one (1) dollar.

XXVII.        PUNITIVE DAMAGES

Punitive damages may be awarded to Mr. Paszko if you find that he has proven a Section 1983 claim against Officer Morales and you award compensatory damages to Mr. Paszko for his claim, whether actual or nominal.  If so, then you must decide whether Mr. Paszko is entitled to an award of punitive damages against Officer Morales.

Federal law permits the jury, under certain circumstances, to award the injured person punitive damages, in order to punish the wrongdoer for some extraordinary conduct, and to serve as a warning to others not to engage in such conduct.  Punitive damages, when appropriate, are intended to protect the community and to be an expression of the jury's indignation at the misconduct.  Whether you decide to award punitive damages against Officer Morales should be based on whether you find that he engaged in either:

(1)      Willful or malicious violation of Mr. Paszko's constitutional right; or

(2)      Wanton behavior, which is behavior that is undertaken in reckless disregard for whether his actions were in violation of Mr. Paszko's constitutional right.

"Willful or malicious" means that a defendant's actions were inspired by a purpose to do the plaintiff harm, and that the defendant had an intent to bring about such a result.  In determining whether Officer Morales's conduct was malicious or willful, you must consider what he did in light of all the circumstances, for malice and willfulness are often not susceptible of proof by direct evidence, but may be found as an inference reasonably drawn from all the facts.

I said to you also that Mr. Paszko is entitled to punitive damages where Officer

Morales's acts are "wanton", which means a reckless disregard for the consequences that might follow from such acts.

Whether you decide to award any punitive damages is entirely within your discretion.  If you have decided to award punitive damages under Section 1983, you must determine that amount.  The amount of punitive damages that you may award under Section 1983 is solely within your discretion.  Even though you have exclusive control over the amount of punitive damages, in awarding damages, you must not be influenced in your determination by any sympathy, bias, or prejudice with regard to any party to the case.

Remember that Mr. Paszko has the burden of proving, by a preponderance of the evidence, that Officer Morales acted willfully or maliciously or with wanton disregard for Mr. Paszko's rights.  If he does not, then you should answer "No" to the question concerning punitive damages.

XXVIII.        DAMAGES: NOT SPECULATION, GUESSWORK OR SYMPATHY

With regard generally to the determination of damages, you must not speculate or guess.  You must bear in mind at all times that the burden is on Mr. Paszko to prove that any claimed element of damage was a proximate consequence or result of Officer Morales's conduct, as well as to prove the reasonable amount of any damages with respect to any such element.

Also remember that your decision cannot be based on sympathy.  Sympathy can play no part in your decision.  Sympathy, bias, or prejudice, for or against any party, should not have the slightest influence upon you in reaching your verdict.

However, no evidence of the value of such intangible things as mental or emotional distress has been or need be introduced.  In that respect, it is not value you are trying to determine, but rather an amount that will fairly compensate the plaintiff for the damages he has suffered.  There is no exact standard for fixing the compensation to be awarded on account of such elements of damage.  This is a matter that is left to the conscience, good sense and sound judgment of the jury.  You should not act unreasonably through bias, passion or sympathy, but should exercise common sense and fix an amount of damages, that, in accordance with the evidence and the law, will fairly compensate the plaintiff for all the injuries suffered.

XXIX.  ATTORNEY'S FEES

When you consider damages, you should not take into account any attorney's fees incurred by the plaintiff in pursuing this case.  The decision to award, or not to award, attorney's fees, as appropriate, in a claim of this nature will be made by the court.

XXX.  CONCLUSION OF ELEMENTS

This concludes my instructions on the elements of the plaintiff's claim.  Mr. Paszko must prove all of these elements by a preponderance of the evidence before you can return a verdict in his favor.  If Mr. Paszko fails to prove all of the elements by a preponderance of the evidence, then you must return a verdict in favor of the defendant, Officer Joseph Morales.

XXXI.  NOTE TAKING

I have now concluded the instructions relating to the specific charge in this case. In closing, I must add a few general instructions concerning your deliberations.  You were permitted to take notes during the course of the trial.  Any notes you have taken should be used only as memory aids; do not give your notes precedence over your independent recollection of the evidence.  If you did not take notes, you should rely on your own recollection of the proceedings and should not be influenced by the notes of other jurors.

XXXII.        CLOSING REMARKS

Let me now say a few words about your deliberations.

First, keep in mind that nothing I have said in these instructions—indeed, nothing I have said or done during this trial—is intended to suggest to you in any way what I think your verdict should be.  That is entirely for you to decide.

When you retire to the jury room, it is your duty to discuss the case with your fellow jurors for the purpose of reaching agreement if you can do so.  Each of you must decide the case for yourself, but you should do so only after considering all the evidence, listening to the views of your fellow jurors, and discussing the case fully with the other jurors.

It is important that you reach a verdict if you can do so conscientiously.  You should not hesitate to reconsider your own opinions from time to time and to change them if you are convinced that they are wrong.  However, do not surrender an honest conviction as to the weight and effect of the evidence simply to arrive at a verdict.

Remember that your verdict must be unanimous.  If you take a vote during deliberations and you are not unanimous, then you have not reached a final decision one way or another and should continue to deliberate.

Remember also that your verdict must be based solely on the evidence in the case and the law as I have given it to you, not on anything else.  Closing arguments, or other statements or arguments of counsel, are not evidence.  If your recollection differs from the way counsel has stated the facts, then your recollection controls.

Remember at all times that you are not partisan.  Rather, you are the judges of

the facts, and your sole interest is to seek the truth from the evidence in this case.

The instructions that I gave you at the beginning of the case about outside factors apply during your deliberations. Do not discuss this case with anyone outside the jury deliberation room, even with your fellow jurors. Also, do not read or listen to any outside information about the case during your deliberations. And do not try to do any research or make any investigation. And, of course, continue to refrain from speaking to the parties, their attorneys, the witnesses, and me.

Upon retiring to the jury room you should first elect one among you to act as your foreperson who will preside over your deliberations and will be your spokesperson here in court.

A verdict form has been prepared for your convenience. The verdict form is not evidence in this case, nor should you view it as supplementing or modifying in any way my instructions to you on the law. Your answers must reflect the conscientious judgment of each juror and must be unanimous. The verdict form includes instructions to guide you in filling out the form and follows the order of these instructions.

You will take the verdict form to the jury room. When you have reached unanimous agreement as to your verdict, you will have your foreperson fill it in, and then date and sign the verdict form. Then inform the court security officer that you have reached a verdict. I stress that each of you must be in agreement with the verdict as contained in the verdict form and announced in court. Your verdict must be unanimous.

You are about to go into the jury room to begin your deliberations. Please wait to begin deliberations until the deputy clerk brings the verdict form and exhibits in to you.

It will take a few minutes to gather the exhibits.

If you want any of the testimony read, you must request that. Please remember that it is not always easy to locate what you might want. It can take a long time to find it, so please consider that. If you feel you really need testimony read back, be as specific as possible in your request.

Any communication with the court should be made to me in writing, signed by your foreperson, and given to the court security officer seated outside the jury room. If you send out a question, I will consult with counsel before answering it, which may take some time. You may, if you can, continue your deliberations while waiting for the answer to any question. I will respond to your request as promptly as possible either in writing or by having you return to the courtroom so that I can address you orally.

I must also caution you that, in your communications with the court, you should not disclose to anyone—not even to me—how the jury stands, numerically or otherwise, on the question of finding for the plaintiff or the defendant, until after you have reached a unanimous verdict. Never disclose any vote count in any note to the court.

It is proper to add a final caution.

Nothing that I have said in these instructions—and nothing that I have said or done during the trial—has been said or done to suggest to you what I think your verdict should be. What the verdict shall be is your exclusive duty and responsibility.

This completes my instruction to you. At this time, I ask the jurors to retire to the jury room to consider your verdict. Thank you for your service so far and thank you in advance for your careful and thoughtful deliberations.